PUERTO RICO URBAN RENEWAL AND HOUSING CORPORATION, Plaintiff and Appellant, *v.* GUILLERMO ROMÁN and BERNARDO ROMÁN BONILLA, Defendants and Appellees.

No. R-70-189. Decided December 13, 1971.

318

*Raúl Barquet Trujillo, Jorge Santos Santiago, Josefina Ruiz Carrillo, Rafael Oller Monclova, Ildefonso Mora Ramírez, Miguel A. Ruiz Rodríguez, Luis E. Colón Ramery,* and *Freddie M. Díaz Maldonado* for appellant.

MR. JUSTICE MARTÍN delivered the opinion of the Court.

The Urban Renewal and Housing Corporation of Puerto Rico filed complaints of unlawful detainer at sufferance against appellees, alleging that each of the latter had constructed a structure on land belonging to plaintiff, which they were occupying against plaintiff's express will and without paying any canon or consideration and without contract of any kind whatsoever. Defendants answered denying that said structures were situated on plaintiff's land, or that they needed plaintiff's authorization to build the structures in question, also alleging that they are not occupying the land referred to in the complaint. However, defendants accepted that they did not pay any canon or consideration of any kind whatsoever and that there was no contract either to justify the occupation of the land by them. As special defenses defendants alleged that said structures belonged to them in fee simple, and that for that reason there existed a genuine conflict of title which must be elucidated in a plenary suit and not in an unlawful detainer proceeding.

After hearing the evidence offered by the parties, the trial court determined (1) that plaintiff is the owner of the land on which the structures utilized by defendants as a dwelling are located; (2) that defendants are the respective owners of said structures, which they had built more than six months before; and (3) that nobody intervened with them at the time they built the same.

Based on the preceding findings, the trial court dismissed the complaints of unlawful detainer in concluding that the

presumption of law that the houses belong to the owner of the land having been controverted, the presumption that the construction on another's land was made in good faith by defendants operates. The trial court, considering that such situation raised a question of title warranting a compensation to the owners of the houses by reason that the latter are bona fide possessors, determined that the question cannot be litigated within the summary proceeding of unlawful detainer.

The question we must settle is whether the trial court was justified in determining that there existed a conflict of title between the parties, which renders the summary proceeding of unlawful detainer improper under the attendant circumstances in this case.

 The doctrine that conflicts of title cannot be elucidated in the unlawful detainer proceeding, because the latter is one of a summary nature where only the recovery of the possession of a real property is sought by whoever has the right thereto, is a general doctrine established by this Court. *Negrón* v. *Corujo*, 67 P.R.R. 371 (1947); *Escudero* v. *Mulero*, 63 P.R.R. 551 (1944); *Palermo* v. *District Court*, 58 P.R.R. 191 (1941); *Rivera* v. *Santiago*, 56 P.R.R. 361 (1940); *González* v. *Marvel*, 56 P.R.R. 444 (1940); *González* v. *Colón*, 49 P.R.R. 542 (1936); *Brunet* v. *District Court*, 45 P.R.R. 871 (1933). In harmony with such doctrine, if a defendant in an action of unlawful detainer produces sufficient evidence tending to show that he has any right to occupy a property and that he holds a title as good or better than plaintiff's, there arises a conflict of title which renders improper the unlawful detainer proceeding. *Escudero* v. *Mulero*, *supra*. We have decided that such conflict must be elucidated in the proper plenary suit, *González* v. *Colón, supra; Laureano* v. *Díaz*, 48 P.R.R. 684 (1935); *Brunet* v. *District Court, supra; Ermita de Ntra. Señora*, etc. v. *Collazo*, 41 P.R.R. 594 (1930); but this principle cannot be extended to

cases where there is no possibility of title in favor of the defendant. *Lippitt* v. *Llanos*, 47 P.R.R. 254 (1934).

The classic situation we have frequently considered in cases of unlawful detainer which raises a conflict of title arises between two parties who argue over the title of a certain piece of land. *Laureano* v. *Díaz, supra; González* v. *Colón, supra; P.R. Leaf Tobacco Co.* v. *Colón*, 50 P.R.R. 291 (1936); *Negrón* v. *Corujo, supra; Brunet* v. *District Court, supra; Escudero* v. *Mulero, supra; Vélez* v. *Franqui*, 82 P.R.R. 735 (1961).

Evidently, that is not the situation under consideration in the present case. This situation involves the occupation, by defendant, of a dwelling structure which allegedly belongs to him and which is situated on plaintiff's land. In the past we have distinguished between two modalities of this situation which must not be confused.

One is that in which the circumstances which gave rise to the construction or occupation of the structure within another's land have created any title right in favor of the tenant, which warrants that he be considered builder or possessor in good faith. If there is good faith, the owner of the land shall have the right to appropriate the structures as his own by previously paying to the owners of the same the cost of the materials and labor, or the cost of producing them at the time the owner of the land exercises his right, deducting depreciation, whichever is greater, or to compel the persons who constructed to pay the value of the land. Civil Code §§ 293, 297, 1930 ed. (31 L.P.R.A. §§ 1146, 1164). Said right of option granted to the owner of the land against the bona fide possessor must be exercised by an action to establish accession. Civil Code, *supra*, § 287 *et seq.* (31 L.P.R.A. § 1131 *et seq.*) Consequently, the summary action of unlawful detainer does not lie in such cases.

Let us examine the cases we have decided in which this first modality governs and where we have dismissed the action of unlawful detainer.

In *Rivera* v. *Santiago, supra,* many years had elapsed since defendants had built a dwelling with the permission of the original owner. Then we said that the *consent* of the owner rendered the construction one in good faith, which fact gave rise to a conflict of title, for which reason the unlawful detainer did not lie. In *González* v. *Marvel, supra,* defendant had acquired by purchase twelve years before a small house built on another's land from the person who had built it fifteen years before with the *authorization of the owner* of the latter, the vendor having enjoyed the quiet, public, and peaceful possession as owner thereof for said period of fifteen years. We dismissed the action of unlawful detainer following the doctrine of conflict of title already established. In *Palermo* v. *District Court, supra,* defendants had built a dwelling on land which they had acquired by lease precisely for the purpose of building a dwelling with the *consent of the owner.* In view of such circumstances we dismissed the action of unlawful detainer on the ground that since there was good faith in the construction, there arose a conflict of title. In *People* v. *Carrasquillo,* 58 P.R.R. 178 (1941), there existed the *consent* of the owner, for which reason we also held that the action of unlawful detainer did not lie because there existed a conflict of title.

In the cases previously cited and in those in which the action of unlawful detainer was dismissed because of the existence of a conflict of title, there is a common denominator consisting in that defendant or his predecessors had some kind of authorization of the owner of the land giving them an apparent right to occupy the dwelling, and hence, gave rise to the presumption of good faith. The conflict had to be settled in a plenary suit.

█ The other modality we have considered in the past is that in which defendant limits himself to allege some kind of title to the dwelling object of the action of unlawful detainer without possessing any right or title whatsoever, justifying his occupation of the land belonging to another where the structure is situated and that which is represented by the series of cases which we shall examine below. In them we have decreed the eviction after concluding that there is no conflict of title whatsoever between plaintiff and defendant.

In *Lippitt* v. *Llanos, supra,* we confronted a state of facts similar to the one in the present case. It involved a house built on the lot belonging to plaintiff. Defendant maintained that her son leased the lot for the purpose of permitting her to build said house thereon. Consequently, she had knowledge that the lot did not belong to her son. In view of that state of facts, we concluded that the absence of permission of the owner of the lot to build the structure showed the bad faith of the construction. We decided there that the presumption of good faith was destroyed when the house was erected on the property of another without permission. Consequently, the theory of the conflict of title was rejected by this Court and the action of unlawful detainer was sustained.

█ Likewise, in *Schuck* v. *Verdejo*, 43 P.R.R. 915 (1932), defendant was the owner of a house built on plaintiff's lot, where she had lived for thirty years. The latter could not prove the existence of some right by contract or license to remain on the land. There we stated that had the right arisen by contract or license, she should have presented it as defense. Failing to do so, she could not preclude the owner from recovering the possession of the lot by resorting to the unlawful detainer proceeding, unless she had an existing title. Then we said that if claims to a right of possession were permitted, without the latter being determined, the unlawful detainer proceeding would be defeated, and hence, the purpose of the law would be destroyed.

Also, in *Rubert Hermanos, Inc.* v. *Hernández*, 43 P.R.R. 920 (1932), defendants at sufferance had built the house where they lived on plaintiff's land, with their own funds and maintained that they had the permission of plaintiff's administrators to occupy said land as *"arrimados."* There we said that such facts did not present anything like a color of title in the defendants, which is necessary in order that the conflict of title required by the authorities could arise. For want of a specific permission, no title whatsoever arose in the defendants.

In the second line of cases previously examined, like in the case at bar, we find the figure of the tenant at sufferance. The situation of the tenant at sufferance, where there cannot exist any possibility of title, has been repeatedly considered by this Court. In these cases the proceeding provided by the Unlawful Detainer Act,[1] which authorizes the action by the owner of a property against any person who retains the material possession thereof or enjoys the same at sufferance without paying any rental or other consideration whatsoever, is perfectly applicable.

The aforecited provisions of the Unlawful Detainer Act, contained also in the Spanish Civil Procedure Act, §§ 1564 and 1565, have been explained by the Supreme Court of Spain in its judgment of May 3, 1963, as follows:

"That the action of unlawful detainer at sufferance, in order to be operative at law, must be supported by two grounds: on

---

[1] "The action of unlawful detainer (*desahucio*) may be commenced by the *owners* of property, usufructuaries thereof, or by any other person or persons entitled to the enjoyment of such property, or by persons claiming under them." Code of Civil Procedure, 1933, § 620 (32 L.P.R.A. § 2821). (Italics ours.)

"The action of unlawful detainer will lie against the tenants, settlers (*colonos*), and other lessees of property, and against the administrators, agents, keepers, or guards placed in charge of the property by the owner thereof, *or any other person who retains the material possession thereof or enjoys the same by sufferance, without paying any rental or other consideration whatever.*" Code of Civil Procedure, 1933, § 621 (32 L.P.R.A. § 2822). (Italics ours.)

the part of the actor, the real possession of the property as owner, usufructuary or any other, giving him the right to enjoy it; and on the part of defendant, the condition of tenant at sufferance, that is, according to the well-established rule; the occupation of the property without any other title than the mere tolerance of the owner or possessor, either because he has never had any title justifying the enjoyment, or because having virtuality at a certain time, has already lost it."

In the case at bar the trial court elaborates the theory that defendants being the owners of the structures in question and the latter having built them without the intervention of any person whatsoever, this fact gives rise to the existence of a conflict of title, since our Civil Code acknowledges to whoever builds in good faith on another's land, the right not to be dispossessed without the corresponding compensation. Civil Code § 297, 1930 ed. (31 L.P.R.A. § 1164). The trial court also holds that good faith is presumed and the same cannot be controverted in the unlawful detainer proceeding.

■ We agree that good faith is presumed as long as it is not controverted. Civil Code, *supra*, § 364 (31 L.P.R.A. § 1425). But, the latter ceases from the moment the possessor himself becomes acquainted with the defects of the title. Civil Code, *supra*, § 293 (31 L.P.R.A. § 1146). And, upon determining bad faith, the owner of the land on which anyone has built may exact the demolition of the work, and the replacing of everything in its former condition, at the expense of the person who built. Civil Code, *supra*, § 299 (31 L.P.R.A. § 1166).

■ It is evident that from the very allegations of the defendants, taken as a whole, there appears their knowledge that the land where their dwelling structures are located belongs to another person. Although they limit themselves to question whether said land belongs to plaintiff, however, they do not affirm that they have any right whatsoever thereto. And, as a question of law, the trial court concludes that

plaintiff is the owner of the land. So, we are constrained to conclude that the construction of said structures was made in bad faith and the trial court should have determined so.

In *Lippitt* v. *Llanos, supra* at p. 256, we established that "Of course, it is ordinarily the law that good faith is presumed, but this presumption is destroyed when a house is erected on the property of another. Then it is incumbent on the person who erected the house to show that he or she did so in good faith."

▮ Irrespective of the fact that we invoked the aforecited presumption, the reality is that defendants in the case at bar are builders in bad faith for having built without any authorization whatsoever of the owner, and knowing that the land did not belong to them.

▮ It is convenient to point out that there were no allegations or proof on the part of the defendants to the effect that the latter built in plaintiff's presence, and with his knowledge and forbearance, and without opposition on the part of the latter, for which reason the provisions of the Civil Code in relation to bad faith of both parties are not applicable.[2]

▮ The trial court erred in failing to enter into these considerations in the unlawful detainer suit. As we said in *Lippitt, supra*, the defense of conflict of title must not be extended to cases where there is no possibility of title in favor of the defendant. Defendant must show that he has at least what we have called some color of right. *González* v. *Aponte*, 55 P.R.R. 797 (1940); *Rivera* v. *Santiago, supra*. In order to

---

[2] "When there has existed bad faith, not only on the part of the person who built, sowed or planted on another's land, but also on the part of the owner of such land, the rights of both shall be the same as though both had acted in good faith.

"Bad faith on the part of the owner is understood to exist whenever the act has been executed in his presence and with his knowledge and forbearance, and without opposition on his part." Civil Code, *supra*, § 300 (31 L.P.R.A. § 1167).

determine whether defendants had any right it was indispensable that the court should determine that they were builders in good faith. Evidently, they were not.

Referring to the condition of tenant at sufferance, the Supreme Court of Spain has established the doctrine that we cite with approval below:

". . . although it is true that, according to a doctrine established by this court, the action of unlawful detainer at sufferance is a summary proceeding, and in fact, one in which only the questions affecting the title on which plaintiff bases his right of possession and those referring to the defendant's situation as material possessor of the thing, may be discussed, likewise it is true that for the purpose of preventing defendants' maneuvers tending to attain that such kind of trials be rendered virtually without any practical application, that same doctrine has also established that the action of unlawful detainer is not weakened by the mere fact that defendant, as tenant at sufferance, allege the existence of a title to legalize his occupancy of the property, in which case it is perfectly feasible to examine, in this kind of trial, the title invoked for the purpose of dismissing the action of unlawful detainer, if from the same it appears prima facie at least, that plaintiff's right to obtain the effectiveness of his right of possession is at least doubtful . . . ." Judgment of June 30, 1966.

The case of *Ermita de Ntra. Señora, etc.* v. *Collazo, supra,* cited by the trial court, is clearly distinguishable from the one at bar. There, defendant had recorded twenty-nine years before in the Registry of Property the possession of the structure object of the unlawful detainer. We repeat what was said in *Schuck* v. *Verdejo, supra*: "We feel bound to hold that that decision cannot be invoked as authority to prevent a plaintiff from recovering possession of his land under the recited facts of this case."

Once more we reiterate that a defendant cannot use the pretext of alleged states or situations lacking the proper title in order to deprive the person holding title of the protec-

328

tion of the law, obliging him to resort to the ordinary proceeding. *Schuck* v. *Verdejo, supra.*

We cannot sanction the actions of those persons who illegally and at their own risk build and occupy structures on another's land and grounded on such reprehensible conduct seek to obstruct, limit, and unduly delay the exercise of the right to evict granted by law to the owner and possessor of the land.

There being no conflict of title in this case to preclude the summary proceeding of unlawful detainer, the judgments appealed from will be reversed and another rendered ordering the eviction of defendants.

Mr. Chief Justice Negrón Fernández as well as Mr. Justice Hernández Matos took no part in the decision of this case.

